**Larry E. JONES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 13065.**

District of Columbia Court of Appeals.

Submitted Dec. 7, 1978.

Decided Feb. 8, 1979.

Kenneth Burchfiel, Washington, D. C., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Michael W. Farrell and Whitney M. Adams, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before GALLAGHER, YEAGLEY and MACK, Associate Judges.

GALLAGHER, Associate Judge.

Appellant was charged with second-degree murder [1] and, after a jury trial, was found guilty of the lesser offense of voluntary manslaughter.[2]

The victim was discovered by neighbors lying at the foot of a flight of stairs in an apartment building. A witness ran into the

1. D.C.Code 1973, § 22–2403.

2. D.C.Code 1973, § 22–2405.

hallway after hearing a noise like "boxes coming down the steps." Appellant was standing at the top of the stairs. The victim was semi-conscious and bleeding from a gash in the back of her head. Upon being accused by a Mrs. Davis of causing the injury, appellant told her to mind her own business and said "I did it, I did it; what you going to do about it?" He later made the same admission to a neighbor. Before the victim was transported to the hospital, a police officer and a neighbor heard appellant admit to pushing the decedent down the steps and he said he would do it again. The victim died from a brain contusion caused by a skull fracture.

Appellant contends: (a) it was error to admit hearsay testimony by government witnesses recounting earlier statements by the decedent that she intended to leave appellant, with whom she had been living, as he fought with her and abused her; and (b) he was denied his constitutional right to a speedy trial.[3]

The hearsay testimony complained of was admitted under the "state of mind" exception to the hearsay rule. *Gezmu v. United States*, D.C.App., 375 A.2d 520 (1977). In so admitting it, the court gave a simultaneous limiting instruction.

An issue regarding testimony similar to this (*e. g.*, admissibility of declarations that victim feared the accused) appeared in *Bennett v. United States*, D.C.App., 375 A.2d 499 (1977), and was found not to be reversible error. However, appellant points to our recent decision in *Campbell v. United States*, D.C.App., 391 A.2d 283 (1978), reversing a conviction, and says it is controlling here. In our view, that case does not control here.

In *Campbell*, there was admitted into evidence under the state of mind exception to the hearsay rule testimony relating to statements by the deceased to friends and family members indicating she was afraid of appellant as he had hit her and threatened her—once holding a gun to her head—

because of jealously and suspicion. We there acknowledged that extra-judicial statements showing state of mind are admissible if that is an issue. We recognized the danger of prejudice to the defendant but stated this danger must be balanced against the relevancy of state of mind evidence in cases involving self-defense, suicide or accidental death. We pointed out, however, that the pertinent testimony was a hearsay account "of appellant's past conduct rather than depictions of the decedent's state of mind, increasing the danger of jury misuse." *Id.* at 287. We expressed particular concern that this testimony related an incident where appellant "held a gun to the decedent's head all night until she assured him she had not slept with another man." *Id.* We remarked that this constituted evidence of the commission of a serious crime and was the only testimony introduced which indicated that appellant was psychologically capable of deliberately shooting the decedent. We expressed disbelief that the jury could have limited its consideration of this incident to the decedent's state of mind. We went on to express concern about other inflammatory testimony of a similar nature. Reciting the gist of the government's evidence, which was termed "strong," *id.* at 288, we concluded that we could not say "with sufficient certainty that the evidence which properly was admitted was so overwhelming that appellant was not impermissibly and unduly prejudiced by the introduction of [the] highly damaging hearsay statement as to appellant's holding of a gun to the decedent's head." *Id.* at 288. So we reversed the conviction of second-degree murder while armed.

■ The case before us is distinguishable in several respects and is more nearly controlled by our decision in *Bennett, supra.* Here, the pertinent testimony resembled prior "state of mind" as contrasted with the "gun to the head" testimony in *Campbell, supra* ; and it did not have the dynamite

---

3. Appellant also contends there was error in denying a mistrial. We find this to be without merit.

impact of the *Campbell* gun testimony. In this case, the issue was what caused the fatal fall down the steps. It was either an accident or it was caused by appellant who was standing at the head of the steps.[4] Decedent's prior state of mind was relevant in these circumstances. *See Gezmu, supra* at 522. Moreover, the government's evidence included three admissions by appellant that he caused the fall. While we labelled the evidence in *Campbell* "strong," it pales in comparison to the government's evidence here, *e. g.*, testimony of three separate admissions by appellant that he caused the fall.[5] Thus, the testimony's possible prejudicial effect did not, when balanced against its probative value, require exclusion. *United States v. Brown*, 160 U.S.App.D.C. 190, 490 F.2d 758 (1973).

But leaving all this aside, even if we were to assume error in admitting the testimony, any prejudice from its admission was minimal in the light of the three admissions by appellant testified to by several government witnesses. Further, unlike *Campbell, supra,* appellant here was acquitted of the second-degree murder charge and convicted only of voluntary manslaughter. We find no prejudicial error.

 Turning to the speedy trial issue, it appears that there was a fourteen-month delay between arrest and trial, of which a little over two months was caused by defense continuances, routine court procedures absorbed something over nine months, and government continuances resulted in delays of over two months. Our review does not disclose circumstances warranting dismissal on speedy trial grounds.

*Affirmed.*

MACK, Associate Judge, concurring:

I do not read this record as presenting a defense that would have permitted the admission of this evidence as bearing upon the

state of mind exception to the hearsay rule. *See United States v. Brown*, 160 U.S.App. D.C. 190, 212, 490 F.2d 758, 780 (1973) (as amended Jan. 10, 1974). Nevertheless I concur in affirmance. *See Kotteakos v. United States*, 328 U.S. 750, 764–65, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). *Cf. Campbell v. United States*, D.C.App., 391 A.2d 283 (1978) (prejudicial error).

---

4. Appellant did not testify in this case but instead put the government to its proof. By the nature of the circumstances in this case, however, it is apparent that the fatal fall had to have been either accidental or from being pushed down the steps.

5. One might question whether the pertinent testimony was necessary but we do not conclude that this requires its exclusion given the circumstances of this case.